### CITIZENS' RAILWAY COMPANY v. R. HOLMES.

#### Decided June 8, 1898.

**1. Street Railway—Warning Signals—Negligence—Question for Jury.**

The question whether the failure of the driver of a street railway car to give signals of danger by gong or bell to persons upon the track constituted negligence was for the jury; and a charge holding such duty absolute is erroneous.

**2. Street Railway—Contributory Negligence—Charge.**

A charge that one driving over or along a street railway track should exercise reasonable care to avoid a collision, if cognizant of an approaching car, though correct, is misleading, as implying a duty to exercise care only in case of such knowledge.

**3. Same.**

One driving along or upon a street railway track should exercise ordinary care to discover and avoid its moving cars. A charge submitting the question whether plaintiff looked or listened for this purpose and whether failure to do so was negligence was not upon the weight of evidence, and should have been given when requested.

**4. Same—Defective Senses.**

A charge requiring greater vigilance to avoid collision on the part of one whose sight or hearing was defective was properly refused, as being on the weight of evidence.

APPEAL from McLennan. Tried below before Hon. SAM. R. SCOTT.

*Clark & Bolinger,* for appellant.

No briefs for appellee.

FISHER, CHIEF JUSTICE.—Appellee, while attempting to cross the street car track of appellant's road, was struck by one of the street cars. He brought this suit for the damages he sustained in the collision, and recovered judgment against the appellant for the sum of $500.

In defense of the cause, the appellant pleaded that appellee was guilty of contributory negligence in suddenly turning his wagon and team across the street car track in front of a moving electric car, and in plain view of the car, which he could have seen or heard by the exercise of ordinary diligence.

There are some facts in the record which tend to show that the motorman upon the car did not keep the proper lookout, nor sound the gong, nor give warning of the approach of the car. And there are also facts in the record which strongly tend to show that the appellee, under the circumstances, was guilty of contributory negligence in attempting to cross the track in front of the approaching car.

It is contended by the appellant that the weight of evidence shows that the appellee was guilty of contributory negligence, and that for this reason the verdict of the jury is contrary to the evidence. In view of the fact that we reverse the cause upon another ground, we express no opinion upon the point raised in this assignment.

The court below gave the following charge to the jury: "That it was the duty of the defendant to sound the gong or ring the bell, as the case may be, at any and all places along their line when people are on the track, for the purpose of warning persons of the approach of the car, and if a person should be in close proximity to the car, in front of a car, it would be the duty of the operators of the car to continue such gong or ring the bell until the person in front should move sufficiently far from the track to permit the passage of the car without injury, or to prevent collision, and that a failure to perform such duty would in either case constitute negligence on the part of defendant company."

It is contended that this charge was on the weight of evidence, because it instructed the jury that the failure to sound the gong or ring the bell, and to continue to do so while persons were on or near the track, would be negligence. The general statute that relates to the duty of the operation of railway trains on the subject of blowing the whistle or ringing the bell does not apply to street railways; nor is there any statute in this State relating to the duties of those operating street cars to give warning of their approach; nor is there any ordinance of the city of Waco upon this subject. At least none is shown by the record. Unless there is some arbitrary rule of law upon the subject, it would be error for the trial court to conclusively assume and so instruct the jury that certain acts or conduct would constitute negligence, unless in the nature of things such conduct was of such a character that no other conclusion could be reached by men of ordinary intelligence. Whether the failure to ring the bell or sound the gong and continue to do so prior to the collision were acts of negligence, were questions of fact for the consideration of the jury. There was error in the charge as given.

The court also instructed the jury as follows: "And if a person be passing over or traveling along defendant's railroad track, and is cognizant of an approaching car, it then becomes his duty to exercise that degree of care to prevent a collision that a person of ordinary prudence or diligence would exercise under the same or similar circumstances as the plaintiff at the time in question, and a failure, etc., would be negligence on plaintiff's part."

This charge stated the correct principle of law, but it is somewhat misleading in that it conveys the idea that one passing over or upon the track would not be required to exercise diligence to ascertain if a car was approaching. The charge informed the jury that if one so situated is cognizant of an approaching car, it then becomes his duty to exercise caution to prevent collision. It is not only the duty of one when cognizant of an approaching car to exercise caution; but it is also his duty to exercise diligence to ascertain if a car is approaching. The appellant requested that the court instruct the jury in substance as follows: "If the jury believe that the plaintiff failed to look and listen for said approaching car at the time and place he was injured, and if they believe that a person of ordinary care and prudence would have looked and listened for the approaching car, and would have discovered it in time to have avoided injury, and if they believe that such conduct on the part of the plaintiff was negligence and contributed to his injury, then they would find him guilty of contributory negligence and find for defendant."

The court should have given this charge. It pointedly directed the attention of the jury to the principal defense relied upon by the appellant; and there is strong evidence in the record which tends to show that the appellee did not exercise proper care and caution in the way pointed out by this charge. The charge is not on the weight of evidence, but leaves to the jury the right to ascertain whether the defendant failed to look and listen, and leaves to them the determination of the question, what was the effect of his failure in this respect, and what, if any, was his duty under the circumstances to exercise caution in the way pointed out by the charge. A charge embodying this view should have been given.

There was no error in refusing to give the charge set out under the fifth assignment of error. Inability to hear and defective vision may be considered on the question of negligence, upon the part of the plaintiff, in exposing himself to peril. But the charge requested upon this subject, we think, was on the weight of evidence, as it in terms told the jury that it was the duty of the plaintiff to use greater vigilance if his senses of hearing and seeing were impaired. Furthermore, there was no evidence tending to show a defective vision or inability to see the approaching car. The charge requested embraced a defect in the sense of seeing as well as of hearing.

For the errors pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*